**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re: | ) | Case No. 23-90032-B-13 |
| | ) | |
| RACHELLE EDITH LUPEKHA, | ) | DC No. CRG-3 |
| | ) | |
| Debtor(s). | ) | |
| _____ | ) | |

**MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART APPLICATION FOR COMPENSATION**

**Introduction**

    This is a continued proceeding on an application for compensation filed by attorney Carl R. Gustafson ("Counsel") as the attorney of record for chapter 13 debtor Rachelle Lupekha. The court issued a conditional ruling on March 5, 2024, granting in part and denying in part the application. See Docket 56.[1]

    The conditional ruling approved and allowed paralegal fees in the amount requested, approved and allowed expenses in the amount requested, and reduced the attorney's fees requested based on a reduction of Counsel's hourly rate which he unilaterally increased from $375.00 previously approved and allowed in this case to $450.00 based on a 20% California State Bar board certification enhancement reserved for the chapter 13 "no-look" fee. The conditional ruling also permitted any party in interest to file a response by March 8, 2024. Id. at 5-6. Counsel filed a *Response to Pre-Disposition Tentative Ruling* on March 8, 2024.

---

[1]The conditional ruling is incorporated herein and made a part of this memorandum decision by this reference. It is also attached as Appendix A.

1　See Docket 58.  The court issues this memorandum decision to
2　supplement its conditional ruling and to address the response.[2]
3
4　**Discussion**
5　　　Counsel disputes only the $375.00 attorney's fees hourly
6　rate approved and allowed in the conditional ruling.  Counsel
7　wants to be compensated at an hourly rate of $450.00.  Counsel
8　believes he is entitled to a $450.00 hourly rate because he is
9　board certified.  He also asserts that a $450.00 hourly rate is
10　inherently reasonable in the Eastern District of California for
11　an attorney with his years of experience, *i.e.*, just over sixteen
12　years.  The court disagrees.
13　　　As an initial matter, Counsel has failed to satisfy the
14　basic burden of a fee applicant.  As the United States Supreme
15　Court stated in Blum v. Stenson, 465 U.S. 886 (1984):
16　　　　　To inform and assist the court in the exercise of its
　　　　　　discretion, the burden is on the fee applicant to
17　　　　　produce satisfactory evidence—in addition to the
　　　　　　attorney's own affidavits—that the requested rates are
18　　　　　in line with those prevailing in the community for
　　　　　　similar services by lawyers of reasonably comparable
19　　　　　skill, experience and reputation.
20　Id. at 895 n.11.  This, of course, is nothing new.  In fact, one
21　would expect this to be common knowledge for a board certified

---

23　　　[2]The court has reviewed the response and its related
　　declaration and exhibits.  The court has also reviewed and takes
24　judicial notice of the docket.  See Fed. R. Evid. 201(c)(1).
　　Oral argument is not necessary and will not assist in the
25　decision-making process.  See Local Bankr. R. 1001-1(f), 9014-
　　1(h).  The continued hearing on March 19, 2024, at 1:00 p.m. will
26　be vacated, and the court will adopt the conditional ruling and
　　this supplement as its final decision and its findings of fact
27　and conclusions of law.  See Fed. R. Civ. P. 52(a); Fed. R.
28　Bankr. P. 7052, 9014(c).

attorney because this court said the same thing thirty-five years ago in In re Gianulias, 98 B.R. 27 (Bankr. E.D. Cal. 1989), *aff'd*, 111 B.R. 867 (E.D. Cal. 1989).

Here, Counsel submitted no evidence with his fee application or the response, in the form of declarations or otherwise, that establishes other bankruptcy attorneys in the Eastern District of California with just sixteen years of experience, board certified or not, charge an hourly rate of $450.00. Instead, counsel relies entirely on legal arguments that he is entitled to be compensated at an hourly rate of $450.00 based on a 20% board certification enhancement - whether by analogy to the local rules that allow a 20% enhancement to the chapter 13 "no-look" fee or under 11 U.S.C. §§ 330(a)(3)(E) and 330(a)(4)(B) - and the enhanced hourly rate of $450.00 is inherently reasonable. Of course, legal arguments are not evidence. And in any event, Counsel's legal arguments are without merit.

Counsel's arguments are based on a single district court decision the court cited in its conditional ruling, *i.e.*, Momentum Commercial Funding, LLC v. Project Storm, LLC, 2022 WL 2817429 (E.D. Cal. July 18, 2022), *adopted in full*, 2022 WL 3578571 (E.D. Cal. Aug. 19, 2022). Counsel attempts to substantiate both his entitlement to an enhanced hourly rate of $450.00 and the reasonableness of a $450.00 enhanced hourly rate by manipulating the actual and approved hourly rates of the attorney involved in Momentum Commercial under what is commonly referred to as the Laffey matrix. Problem is, the Ninth Circuit has discredited the Laffey matrix as unreliable and rejected it as unworkable in this Circuit. As the Nevada district court

explained in Voggenthaler v. Maryland Square, LLC, 2010 WL 4316883 (D. Nev. Oct. 20, 2010):

> In this matter, the Court rejects the use of the Laffey matrix to determine the reasonable hourly rate for purposes of awarding attorneys' fees. In *Prison Legal News*, [608 F.3d 446 (9th Cir. 2010)] the Ninth Circuit stated that a district court does not need to use the Laffey matrix for purposes of determining appropriate hourly rates. 608 F.3d at 454. The Ninth Circuit noted that the 'Laffey matrix is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington D.C.' *Id.* According to the Ninth Circuit, 'just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away.' *Id.* Thus, the Court will apply the Lodestar method and look to the prevailing market rates in Las Vegas, Nevada.

Id. at *3.

This court agrees with Voggenthaler to the extent it relied on Prison Legal to discredit and reject the Laffey matrix and instead looked to prevailing local market rates. The Eastern District of California district court shares the same view. See e.g., Cabardo v. Patacsil, 2022 WL 956951, at *3 (E.D. Cal. March 30, 2022) ("The Eastern District has repeatedly declined to adopt the Laffey matrix, as it only surveys prevailing rates in the Washington, D.C. legal community and does not directly correlate to hourly rates for attorneys and paralegals in other parts of the country."); Chapman v. Jacobs, 2019 WL 4259765, at *4 (E.D. Cal. Sept. 9, 2019) (declining to use the Laffey matrix to determine a reasonable hourly rate because 'it is not an accurate tool to assess market rates in this district') *aff'd*, 836 Fed. App'x 606 (9th Cir. 2021). So too does the Northern District of California. See e.g., Theodore Broomfield v. Craft Brew Alliance, Inc., 2020 WL 1972505, at *27 (N.D. Cal. Feb. 5, 2020).

1  Accordingly, this court will not use the Laffey matrix for any
2  purpose, generally, and, particularly, it will not use it to
3  manipulate a reasonable hourly rate in this case or in this
4  district.
5      Without evidence from Counsel that satisfies his basic
6  burden as the fee applicant, and with the Laffey matrix rejected,
7  the court will rely on its own knowledge of local customary
8  hourly rates based on years of experience within the Eastern
9  District of California as the relevant legal market.  Ingram v.
10 Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).  And it does so
11 guided by the two other decisions cited in the conditional ruling
12 which the response ignores, *i.e.*, Ambrose v. US Med-Equip, LLC,
13 2024 WL 307843 (E.D. Cal. Jan. 26, 2024), and In re Howell, 2023
14 WL 3486669 (Bankr. E.D. Cal. May 14, 2023).
15     The district court in Ambrose recognized that "[i]n the
16 Fresno Division of the Eastern District of California, across a
17 variety of types of litigation, generally, attorneys with
18 experience of twenty or more years of experience are awarded
19 $350.00 to $400.00 per hour; attorneys with ten to twenty years
20 of experience are awarded $250.00 to $350.00 per hour[.]"
21 Ambrose, 2024 WL 307843 at *15.[3]  This court in Howell approved a
22 $450.00 hourly rate as reasonable rate for an attorney with "more
23 than three decades" of bankruptcy experience.  Howell, 2023 WL
24 3486669 at *11.  Ambrose is instructive because it recognizes

---

26      [3]Perez v. All Ag., Inc., 2021 WL 3129602, at *5 & n.7 (E.D.
27 Cal. July 23, 2021), notes there is no distinction in hourly
   rates between Sacramento and Fresno divisions, particularly in
28 specialized areas of practice.

that an hourly rate of $400.00 is reasonable for attorneys with over *twenty* years experience. Howell is instructive because it recognizes that an hourly rate of $450.00 is reasonable for an attorney with over *thirty* years of experience. Counsel's years of experience fall short of both thresholds.

　　　Ambrose and Howell are also recent decisions which means they are more timely and more relevant snapshots of reasonable rates in the Eastern District of California without the need for any Laffey matrix manipulation. Ambrose was decided less than two months ago and Howell was decided less than ten months ago.

　　　The court does not completely discount Momentum Commercial in its analysis. In fact, the decision remains relevant not for the actual or requested rates involved in the case, or for a manipulation of those rates under the Laffey matrix, but for evidence the fee applicant submitted to demonstrate that the hourly rate at which he requested to be compensated was below local market rates and therefore reasonable. To demonstrate this, the fee applicant surveyed actual rates charged by Eastern District of California bankruptcy practitioners with whom he best compared and found as follows:

　　　a.　one bankruptcy attorney with forty-two years of experience billed at $490.00;

　　　b.　another bankruptcy attorney with forty-one years of experience billed at $600.00;

　　　c.　another bankruptcy attorney with thirty-four years of experience billed at $525.00;

　　　d.　another bankruptcy attorney with thirty-two years of experience billed at $525.00;

　　　e.　another bankruptcy attorney with forty-nine years of experience billed at $625.00;

   f. another bankruptcy attorney with fifteen years of experience billed between $390.00-$500.00; and

   g. another bankruptcy attorney with forty-one years of experience billed at $435.00.

Momentum Commercial Funding, LLC, v. Project Storm, LLC, Case 2:21-cv-00981-KJM-KJN, Docket 19 at ¶¶ 8-11 (supplemental declaration filed May 24, 2022).

  The important take-aways from the Momentum Commercial bankruptcy practitioner hourly rate survey are twofold.  First, Eastern District of California bankruptcy attorneys with substantially more years of experience than Counsel's sixteen years bill at hourly rates closer to Counsel's requested $450.00 hourly rate.  Second, a $450.00 hourly rate for an Eastern District of California bankruptcy attorney with just over sixteen years of experience is not reasonable.[4]

  Taking all of this into consideration, the court concludes that, in this case, $375.00 is a reasonable hourly rate for an attorney, such as Counsel, with just over sixteen years experience.  In fact, not only is a $375.00 hourly rate reasonable under the facts and circumstance of this case, but it is extremely generous inasmuch as it falls above the range of reasonable hourly rates for attorneys, like Counsel, with experience in the ten to twenty year range noted in Ambrose, *i.e.*, $250.00 to $350.00.

  That Counsel may be board certified does not change the

---

[4]Even when compared with the surveyed rates on an average basis, a $450.00 hourly rate is disproportionate to just over sixteen years of experience.  The average hourly rate of the surveyed bankruptcy attorneys is $528.57 and their average years of experience is 36.28.

result, at least in this case.[5]  Board certification by the California State Bar requires "demonstration of a broad-based and comprehensive experience in the specialty area based on completion of a variety of matters in the specialty area[.]" https://www.calbar.ca.gov/attorneys/legal-specialization (viewed on March 14, 2024).  The court is not convinced that Counsel satisfied this standard, at least when this case was filed on January 27, 2023, and during the time it has been pending.  The court recently discovered that throughout 2023 Counsel excluded services the local rules characterize as "basic services" that attorneys who represent debtors must provide in bankruptcy cases.  See In re Pegany, Case No. 23-23448, Dockets 22, 30, and 34 (order to show cause regarding Counsel's exclusion in chapter 7 cases of services required under Local Bankr. R. 2017-1(a)(1) which Local Bankr. R. 2016-3 characterizes as "basic services").  Although the problem has been fixed, as a board certified attorney who represents an overwhelming number of debtors, Counsel is expected to be intimately familiar with the court's local rules and proficient in their application particularly with regard to local rules that apply directly to debtors' attorneys and govern the scope of their representation in bankruptcy cases filed in this district.  Having failed in that endeavor during the relevant period, the court is hard-pressed to find that an hourly rate enhancement for board certification is appropriate or

---

[5]Since Counsel repeatedly touts his board certification as a reason to enhance his hourly rate, as support for an increase in the $375.00 hourly rate to $450.00, and as support for the argument that a $450.00 hourly rate is reasonable in this case the court must address it.

- 8 -

warranted in this case.

**Conclusion**

The conditional ruling of March 5, 2024, as supplemented herein, is adopted as the court's final decision and as its findings of fact and conclusions of law. Counsel's application for compensation will be **ORDERED APPROVED IN PART AND DENIED IN PART** as stated in the conditional ruling.

The court's decision is firm. Counsel's arguments have been thoroughly considered in the context of the initial fee application and the response. The court will therefore not entertain any motion for reconsideration on the basis it "overlooked" an argument. See Arellano v. Blahnik, 2021 WL 1515564 (S.D. Cal. April 16, 2021). Absent highly unusual circumstances, a motion for reconsideration is appropriate, and therefore will be entertained, only if the court is "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F3d 877, 890 (9th Cir. 2000) (internal quotes omitted).

A separate order will issue.

**Dated:** March 14, 2024

Christopher D. Jaime, Judge
**United States Bankruptcy Court**

**APPENDIX A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** Rachelle Edith Lupekha

**Case No.:** 23-90032 - B - 13

**Docket Control No.** CRG-3

**Date:** 03/05/2024
**Time:** 1:00 PM

**Matter:** [50] - Motion/Application for Compensation [CRG-3] by the Law Office of Lincoln Law for Carl R Gustafson, Debtors Attorney(s). Filed by Carl R. Gustafson (vrof)

**Judge: Christopher D. Jaime**
**Courtroom Deputy: Michelle Peterson**
**Reporter: Not Recorded**
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
None
**Respondent(s):**
None

---

**CIVIL MINUTES**

Motion Conditionally Approved in Part, Denied in Part and Motion and Hearing Continued to 3/12/2024 at 1:00 PM at Modesto Courtroom

See Findings of fact and conclusions of law below

Introduction

Before the court is an *Application for Additional Attorney's Fees* filed by Carl R. Gustafson ("Counsel") as the attorney of record for Chapter 13 debtor Rachelle Edith Lupekha ("Debtor"). The application requests additional compensation in the amount of $8,695.50 which includes the following: **(i)** attorney's fees in the amount of $6,885.00 (15.30 hours x $450.00/hr.); **(ii)** paralegal fees in the amount of $1,757.50 (9.50 hours x $185.00/hr); and **(iii)** expenses in the amount of $53.00.

The court has reviewed the application and all related declarations and exhibits. The court has also reviewed and takes judicial notice of the docket. *See* Fed. R. Evid. 201(c)(1). Oral argument is not necessary and will not assist in the decision-making process. *See* Local Bankr. R. 1001-1(f), 9014-1(h). For the reasons explained

below, paralegal fees and expenses will be allowed in the amount requested. However, attorney's fees will be reduced.

The court's decision is to **conditionally approve in part and deny in part the application for additional compensation and continue the hearing to March 12, 2024, at 1:00 p.m.**

Discussion

Counsel has elected to receive compensation in this Chapter 13 case pursuant to Local Bankr. R. 2016-1(b) that requires a fee application and court approval under 11 U.S.C. § 330 rather than pursuant to Local Bankr. R. 2016-1(c), which provides for a flat-rate "no-look" fee without the need for court approval and a fee application.[1]

Counsel states that he contracted with the Debtor for attorney's fees at an hourly rate of $525.00 and paralegal fees at an hourly rate of $215.00. Counsel acknowledges that his hourly rate of $525.00 has previously been determined by this court to be unreasonable and has been reduced as such. For that reason, Counsel voluntarily reduced his hourly rate for purposes of the current fee application from $525.00 to $450.00.

Counsel states that his reduced hourly rate of $450.00 includes a 20% increase to a previously-approved hourly rate in this case of $375.00. Counsel bases the 20% increase on the board certification enhancement to the "no-look" fee permitted for opt-in attorneys under Local Bankr. R. 2016-1(c)(1)(C).[2] Counsel recognizes that the 20% enhancement directly applies only to the "no-look" fee and only to board certified opt-in attorneys. Nevertheless, as a board certified opt-out

---

[1]Receipt of compensation pursuant to a § 330 fee application under Local Bankr. R. 2016-1(b) is typically referred as an "opt-out" election whereas receipt of the "no-look" fee under Local Bankr. R. 2016-1(c) is typically referred to as an "opt-in" election. *See* Local Bankr. R. 2016-1(a). The court will use these terms for purposes of clarity.

[2]Local Bankr. R. 2016-1(c)(1)(C) states as follows:

> Attorneys who are board certified in bankruptcy law by the State Bar of California Board of Legal Specialization or by the American Board of Certification on the date of the petition may increase the fee to which they would be entitled under subdivision (c)(1), or any later increased fee thereunder, by 20%. Not later than 28 days after filing the petition, any attorney contending entitlement to the fee enhancement under this provision shall file EDC Form 3-750.

attorney, Counsel asserts that he, too, is entitled to the same 20% enhancement to his hourly rate by analogy to Local Bankr. R. 2016-1(c)(1)(C). Counsel raises a valid but probably unnecessary point because § 330(a)(3)(E), applicable to requests for compensation by opt-out Chapter 13 debtors' attorneys through § 330(a)(4)(B), already allows the court to consider board certification as a factor in the context of fee applications filed under § 330.

In any event, the result in this case is the same regardless of whether the 20% hourly-rate enhancement is sought by analogy to Local Bankr. R. 2016-1(c)(1)(C) or under § 330(a)(3)(E)/§ 330(a)(4)(B). That is, under the facts and circumstances of this case, the enhanced hourly rate is unreasonable.

As an initial matter, the 20% board certification enhancement allowed under Local Bankr. R. 2016-1(c)(1)(C) increases the "no-look" fee and not opt-in attorneys' hourly rates. Indeed, hourly rates are largely irrelevant in the context of a "no-look" fee and, to the extent they are relevant, they are presumed to be reasonable. *In re Villaverde*, 2016 WL 1179343, at *1 (Bankr. S.D. Fla. March 25, 2016) ("A no look fee is a flat fee, usually adopted within a district by local rule or guideline ... It is a presumptively reasonable fee based on local hourly rates, and the general amount of work required by a typical chapter 13 case.").

The same is not true with regard to compensation requested by opt-out attorneys, generally, or, specifically, their hourly rates. Hourly rates of opt-out attorneys do not enjoy the same presumption of reasonableness incorporated into the "no-look" fee. Rather, it is incumbent on opt-out attorneys requesting compensation under Local Bankr. R. 2016-1(b) and § 330 to demonstrate - and for the court to find - that hourly rates charged debtors are reasonable rates in the Eastern District of California bankruptcy court. *See e.g.*, 11 U.S.C. § 330(a)(3)(B), 330(a)(4)(B); *see also In re Gire*, 107 B.R. 739, 742 (Bankr. E.D. Cal. 1989). The court sees no reason - and Counsel has offered none - why the same analysis should not apply equally when an hourly-rate enhancement is requested by opt-out attorneys. In other words, assuming board certified opt-out attorneys may increase hourly rates by 20% - by analogy to Local Bankr. R. 2016-1(c)(1)(C) or otherwise - the burden still remains with board certified opt-out attorneys to demonstrate the enhanced hourly rate is reasonable. To hold otherwise, *i.e.*, to hold that opt-out board certified attorneys are always entitled to enhance their hourly rates by 20%, would essentially eviscerate the bankruptcy court's statutory obligation to determine reasonableness under § 330 insofar as it would effectively negate §§ 330(a)(3)(B), 330(a)(3)(E), and 330(a)(4)(B) by rendering these provisions meaningless in the context of fee applications filed under § 330. Such a conclusion would also violate Fed. R. Bankr. P. 9029 insofar as it would put the local rules at odds with § 330.

In assessing fee applications filed under § 330, reasonable hourly rates are calculated according to the prevailing market rates in the

relevant legal community.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).  Typically, the "relevant legal community" is the forum district and the local hourly rates for similar work should normally be employed.  *Gonzalez*, 729 F.3d at 1205; *In re Gianulias*, 111 B.R. 867, 869-70 (E.D. Cal. 1989) (affirming bankruptcy court decision requiring Chapter 11 debtor's counsel to submit evidence of prevailing rates charged by bankruptcy attorneys in the community in order to establish a reasonable hourly rate).

The district court *Momentum Commercial Funding, LLC v. Project Storm, LLC*, 2022 WL 2817429 (E.D. Cal. July 18, 2022), *adopted in full*, 2022 WL 3578571 (E.D. Cal. Aug. 19, 2022), recently reviewed the hourly rates of bankruptcy attorneys who practice in the Eastern District of California and who have substantially more experience and expertise than Counsel.  2022 WL 2817429 at *9-*10.  The district court noted that "[t]he cited rates for attorneys with 30-plus years in practice range from $435 per hour to $600 per hour."  *Id.*  It therefore found that a $395.00 hourly rate requested by two attorneys in the case before it who were similarly-situated to the bankruptcy attorneys whose rates were reviewed, one with over 40 years experience and the other with over 30 years experience, to be reasonable.  *Id.  See also Ambrose v. US Med-Equip, LLC*, 2024 WL 307843, at *15 (E.D. Cal. Jan. 26, 2024) ("In the Fresno Division of the Eastern District of California, across a variety of types of litigation, generally, attorneys with experience of twenty or more years of experience are awarded $350.00 to $400.00 per hour; attorneys with ten to twenty years of experience are awarded $250.00 to $350.00 per hour; attorneys with five to ten years of experience are awarded $225.00 to $300.00 per hour; and less than $200.00 per hour for attorneys with less than five years of experience."); *Perez v. All Ag., Inc.*, 2021 WL 3129602, at *5 & n.7 (E.D. Cal. July 23, 2021) (noting no distinction in rates between Sacramento and Fresno divisions, particularly in specialized areas of practice).

For purposes of reviewing the reasonableness of Counsel's enhanced $450.00 hourly rate in this case, the court takes judicial notice of the State Bar of California website which reflects Counsel's California bar admission date is December 29, 2007. https://apps.calbar.ca.gov/attorney/Licensee/Detail/254881 (when viewed on March 2, 2024).  In this court's view, an hourly rate of $450.00 charged by a consumer bankruptcy attorney with just slightly over 16 years of experience, board certified or otherwise, is not a reasonable hourly rate.[3]  It is also inconsistent with the hourly rates

---

[3]The court is aware that another bankruptcy judge in this district recently approved a $450.00 hourly rate as reasonable; however, the attorney in that case had nearly 40 years of experience.  *In re Howell*, 2023 WL 3486669 (Bankr. E.D. Cal. May 14, 2023).

of Eastern District of California bankruptcy attorneys reviewed by the district court in *Momentum Commercial*. So, at least in this case, the 20% enhancement requested by Counsel will not be applied to Counsel's previously approved and allowed hourly rate of $375.00 because doing so would result in an unreasonable hourly rate.[4]

Consistent with this court's prior award of compensation to Counsel in this case, Counsel will be awarded compensation for attorney's fees at an hourly rate of $375.00 as a reasonable hourly rate. Reduction in Counsel's hourly rate from $450.00 to $375.00 results in approved and allowed compensation as follows:

| Attorney @ $375.00/hr | 15.30 hours | $5,737.50 |
|---|---|---|
| Paralegal @ $185.00/hr | 9.50 hours | $1,757.50 |
| | | $7,495.00 |
| Expenses | | $53.00 |
| **Total Compensation Approved & Allowed** | | **$7,548.00** |

Counsel's application for compensation is ORDERED APPROVED IN PART AND DENIED IN PART for the reasons stated in the minutes.

**Conditional Nature of this Ruling**

Any party in interest shall have until 5:00 p.m. on Friday, March 8, 2024, to file and serve a response to this ruling. *See Law Offices of David A. Boone v. Devin Derham-Burk (In re Eliapo)*, 468 F.3d 592, 601-03 (9th Cir. 2006). Any response shall be served on the Chapter 13 Trustee by facsimile or email.

If no response is timely filed and served, the application will be deemed granted in part and denied in part for the reasons stated

---

[4]This decision does not foreclose the possibility of an opt-out board certified attorney obtaining approval of a 20% hourly-rate enhancement by analogy to Local Bankr. R. 2016-1(c)(1)(C) or otherwise. For example, a board certified opt-out attorney who bills at $325.00 per hour could request a 20% enhancement which would increase the attorney's hourly rate to $390.00. In most cases, depending on experience and expertise, that would be a reasonable hourly rate in this district. Alternatively, an attorney billing at a higher rate could request an enhancement in a lesser percentage. Neither of these circumstances are present here. The request here is for automatic application of the 20% enhancement applicable to the "no-look" fee by analogy to Local Bankr. R. 2016-1(c)(1)(C). And as noted above, that renders Counsel's hourly rate unreasonable under § 330.

hereinabove, this ruling will no longer be conditional and will become the court's final decision, and the continued hearing on March 12, 2024, at 1:00 p.m. will be vacated.

If a response is timely filed and served, the court will hear the application on March 12, 2024, at 1:00 p.m., or as soon thereafter as the court's calendar permits.

**The court will issue an order.**

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

     The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Carl R. Gustafson
1525 Contra Costa Blvd.
Pleasant Hill CA 94523